UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND HAYNES, | No. 2:19-cv-1988 AC |
| Plaintiff, | |
| v. | ORDER |
| DAVID OREL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   Complaint

Plaintiff alleges that his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated by a 2018 dispute regarding his participation in Folsom State Prison's religious diet program. The complaint presents three claims, all involving interference with religious practice, against the following defendants: David Orel, prison chaplain; Karl Seigler, Community Resource Manager; L. Cahayla, Program Associate Warden; and Rick Hill, Warden. Claim One alleges that plaintiff's First Amendment rights have been violated by the denial of a religious diet. ECF No. 1 at 3. Claim Two asserts that the First Amendment and RLUIPA were violated by religious diet policies that conflict with plaintiff's religious beliefs. Id. at 4. Claim Three alleges that the policy also violates the Eighth Amendment by imposing a penalty on plaintiff's religious practices of donating food to non-believers and feeding the hungry. Id. at 5.

The facts appear to be as follows. Plaintiff, an adherent of the Ifa religion,[1] was a participant in FSP's religious diet program from 2012 to 2018. ECF No. 1 at 9. He signed the standard Religious Diet Program Agreement, which provided among other things that plaintiff would not "purchase or consume" items that are not part of his religious diet, and that his canteen

---

[1] Ifa is a spiritual belief system of the Yoruba people of Nigeria. ECF No. 1 at 20.

purchases would be monitored for compliance. Id. at 14. In April 2018, following a review of plaintiff's canteen purchases, a Religious Diet Program Notice of Non-Compliance was issued that reported plaintiff's purchase of items inconsistent with his religious diet. ECF No. 1 at 53 (Third Level Appeal Decision). The notice and an accompanying General Chrono, id. at 57, were placed in plaintiff's central file. Plaintiff administratively challenged the allegation of non-compliance, and sought removal of both forms from his file. His appeals were all rejected.

IV.     Failure to State a Claim

Incarcerated persons do not forfeit the right to the free exercise of religion, which is guaranteed by the First Amendment. See McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122-23 (9th Cir. 2013). In the religious diet context, incarcerated persons "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea, 833 F.2d at 198.

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, punctuation and alterations omitted). Plaintiff must demonstrate that prison officials substantially burdened the free exercise of his religion by preventing him from engaging in conduct which he sincerely believes is required by his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). The underlying religious belief must be "sincerely held." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur, 514 F.3d at 884-85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis).

The allegations of the complaint do not identify a violation of plaintiff's religious rights. Although Claim One states broadly that "plaintiff was denied a religious diet," there is no direct allegation that petitioner was removed from the religious diet program or otherwise denied meals

4

inconsistent with his faith. Quite to the contrary, the exhibits attached to the complaint demonstrate that the Notice of Non-Compliance at issue was a first violation warning that did *not* result in plaintiff's removal from the program. ECF No. 1 at 60 (CDCR Form 3030-C dated 5/1/2018, stating that inmate is permitted to continue participation in Religious Diet Program but warning that a second violation within six months could result in exclusion for a six-month period). In short, despite the complaint's many conclusory references to "denial of a religious diet," plaintiff has not alleged that he was denied meals for his own consumption that are consistent with the dietary restrictions of his religion.

To the extent that plaintiff bases his claim on a retaliation theory,[2] he fails to provide facts that support a retaliation claim. A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Both religious practice and the filing of grievances are protected conduct, but the facts alleged here do not demonstrate that any adverse action was taken in retaliation for such conduct. To the contrary, plaintiff's exhibits reflect legitimate and non-retaliatory reasons for the issuance and inclusion in his central file of the Notice of Non-Compliance and General Chrono. Plaintiff has alleged no facts outside the record of his administrative appeals that would support an inference of retaliatory motive.

Claims Two and Three are difficult to understand. See ECF No. 1 at 4-5. In light of the complaint's subsequent statement of facts, the court interprets them as a free exercise challenge to the Religious Diet Program's limitation on canteen purchases. (If the court has misunderstood plaintiff's intent, he may clarify the basis for his claims on amendment.) In sum, plaintiff appears

---

[2] Claim One alleges in conclusory fashion that plaintiff's "participation in religious diet was subject to adverse punishment" and that he was "deprived of personal liberty element of participation in religious diets meals as a direct in filing complaint to wrongful accusation." ECF No. 1 at 3. Although it is not clear, these statements suggest a putative retaliation claim. See also id. at 9 (referring to retaliatory conduct).

to contend that it violates the First Amendment and RLUIPA for the prison to condition his participation in the Religious Diet Program on making only those canteen purchases that are consistent with his own religious diet.

Requiring compliance with reasonable policies that support the orderly operation of a religious meals program does not substantially interfere with an inmate's right to a religious diet. See Resnick v. Adams, 348 F.3d 763, 768-71 (9th Cir. 2003). The limitations imposed by the Religious Diet Program Agreement appear on their face to be reasonably related to legitimate penological interests, and therefore permissible even if they infringe to some degree on plaintiff's constitutional rights. See Turner v. Safley, 482 U.S. 78, 89 (1987); see also Resnick, 348 F.3d at 768-71 (applying four-part Turner test to prisoner's free exercise challenge to prison's religious diet program application policy, and finding policy reasonably related to the prison's interest in the orderly administration of the program). The allegations of the complaint do not explain how precluding plaintiff from purchasing food for other inmates imposes a substantial burden on his ability to practice his religion. The fact that plaintiff is religiously motivated to feed the hungry without regard for their religion is not enough. Absent facts demonstrating a substantial burden, plaintiff fails to state either a First Amendment claim or a claim under RLUIPA. See Jones, 791 F.3d at 1031-32 (First Amendment free exercise); Greene v. Solano County Jail, 513 F.3d 982, 988 (9th Cir. 2008) (RLUIPA).

Because the allegations of the complaint do not state a claim for relief, the complaint will not be served.

V.     Leave to Amend

Plaintiff will be provided the opportunity to amend the complaint. If he chooses to file a first amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint do not state a claim for relief. Although the complaint says that you have been denied a religious diet, it does not say that you were removed from the Religious Diet Program and required to eat meals that are against your religious principles. You need to clarify this. If you are challenging the restrictions on your canteen purchases that are imposed by the Religious Diet Program, you should make that clear and explain how the restrictions place a substantial burden on your ability to practice your religion. If you are trying to bring a retaliation claim, you need to explain what actions of which defendants were retaliatory, what protected conduct of yours they were in retaliation for, and what facts show that the actions were taken because of hostility to your protected conduct.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the

original complaint.  **Any claims not in the first amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 27, 2021

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE