LELAND ERVIN HAYNES, #T72962
Name and Prisoner/Booking Number
FOLSOM STATE PRISON
Place of Confinement
POST OFFICE BOX 950
Mailing Address
FOLSOM, CALIFORNIA 95763
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

AUG 27 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

LELAND ERVIN HAYNES
(Full Name of Plaintiff)
                                   Plaintiff,

                    v.

(1) DAVID OREL
(Full Name of Defendant)
(2) CARL SIEGLER
(3) L. CAHAYLA
(4) RICK M. HILL
                                   Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:19cv 1988 AC
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: _____

Revised 3/15/2016                                1

## B. DEFENDANTS

1. Name of first Defendant: __David Orel__. The first Defendant is employed as: __Rabbi__ at __Folsom State Prison__.
   (Position and Title) (Institution)

2. Name of second Defendant: __Carl Siegler__. The second Defendant is employed as: __Community Resource Manager__ at __Folsom State Prison__.
   (Position and Title) (Institution)

3. Name of third Defendant: __L. Cahayla__. The third Defendant is employed as: __(Former) Associate Warden of Program__ at __Folsom State Prison__.
   (Position and Title) (Institution)

4. Name of fourth Defendant: __Rick M. Hill__. The fourth Defendant is employed as: __Warden__ at __Folsom State Prison__.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __N/A__ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: __N/A__ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: __N/A__ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: __See Page 3.a & 3.b__

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: __Religious Diet__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **See Page 3.a & 3.b**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   **See Page 3.a & 3.b**

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

## D. CAUSE OF ACTION

## CLAIM I

Cont... from Original Form Pg. 3

3.     **Supporting Facts.**

Plaintiff was a participant of the Religious Alternative Meat Program since 2010 (see Exhibit A – Inmate Religious Dietary Card Approved on December 10, 2010). Plaintiff adhered to this program in the same manner for 8 years under his faith and sincerely held belief and diet outline; only to be found to be in violation by newly employed Chaplain, Rabbi David Orel during the eighth year. Plaintiff was removed from religious diet and a General Chrono was placed in his Central File, because of an alleged failure to practice the Religious Meat Alternative Diet Program as interpreted by CDCR. However, the diet clearly states, "I may not purchase or consume any food items that are not part of religious diet." The question is, how is the term, *'my religious diet,'* being interpreted by CDCR? The Plaintiff's interpretation is based on the other aspects of this same CDCR 3030 Form. One being the religious designation where Plaintiff specifically states his sincerely held belief as Ifa. While the second are two fundamental questions on the same form which Plaintiff's responses reveal that certain items are not an issue to 'his' religious diet. Finally, the chaplain and CDCR approved the Plaintiff's diet request based on his stated sincerely held beliefs. The substantial burden exists because such a denial forced the Plaintiff to choose between his right to participate in the Religious Meat Alternative Program and his sincerely held belief of giving offerings to his spirits and ancestors (which must be purchased from the canteen). The least restrictive means would have been to instruct the inmate population to only eat the religious diet program tray in the dining hall, but not restrict the participants canteen purchases which do not interfere with any aspect of the CDCR penological interest.

The Court correctly states that the Plaintiff was not initially removed from the diet program, but rather a Notice of Non-Compliance was issued citing his first violation. However, the Plaintiff argues that there was no violation of 'his' religious diet. And further contends that such a 'Notice' placed in Plaintiff's Central File is damaging as a Lifer (as it is tantamount to a parole board denial for violating rules). And while the Plaintiff was allowed to remain on the diet program (with the written warning placed in his Central File), the damage was done. It should be noted that many other inmates dealing with this issue went to the parole board after receiving such a 'Notice' were at the very least 'harshly rebuked' by the Parole Commissioners (as I cannot quantify the reason for their suitability denials). CDCR should not obligate or outline a mandate regarding the practice my faith.

4.     **Injury.**

Plaintiff was removed from religious diet and a General Chrono was placed in his Central File, because of an alleged failure to practice the Religious Meat Alternative Diet Program as interpreted by CDCR; violating his First, RLUIPA, Sixth, and Fourteenth Amendment Rights, as well as his due process rights. While the Plaintiff was not initially removed from the diet program, he was removed for a second violation of purchasing a single Ramen Soup that was not 'Halal' (note: no ramen soups are 'halal'), as

3. a

was the protocol for the diet program (first violation is a written warning, second violation is a removal from the program). While implementing compliance regulations for the religious diet program is quiet reasonable, it cannot override the sincerely held beliefs of the person seeking to participate in an all-inclusive diet program. Rabbi David Orel initially sought to force Plaintiff to adhere to an Islamic standard of this Religious Meat Alternative Diet Program. While Carl Siegler, Community Resource Manager, L. Cahayla, (former) Associate Warden of Program, and Rick M. Hill, Warden (Folsom State Prison) were the active Religious Review Committee members who all accepted and confirmed Rabbi David Orel's decision. These defendants denied the Plaintiff his equal protection rights.

3. b

# CLAIM II

1. State the constitutional or other federal civil right that was violated: __See Page 4.a__

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: __Religious Diet__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **See Page 4.a**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   **See Page 4.a**

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

4

## CLAIM II

**Cont... from Original Form Pg. 4**

**3.     Supporting Facts.**

Regarding the CDCR Religious Meat Alternative Program, the Plaintiff was compelled to conform to Islamic Dietary laws and standards, which is contrary to 'his' religious diet. The very food items the Plaintiff was found to be in violation of purchasing were those items that were considered 'non-halal'. In the First Level Appeal Response Memorandum dated July 27, 2018 from L. Cahayla, Associate Warden Programs (see Exhibit A) states on page 2 par. 5, "Inmates with a sincerely held religious belief, requesting an RMAP diet are expected to understand the definition of meat certified as halal. Training provided by the CDCR recognizes the definition of halal as, "what is permissible or lawful in traditional Islamic law. It is frequently applied to permissible food and drinks. In the Quran, the word halal is contrasted with haram. Haram means unlawful or forbidden. For a meat to be certified halal, it must meet strict standards set within Islamic law, and not be of a forbidden origin (such as pork)." L. Cahalya goes on to state on page 3 of this same Memorandum, "Violations include the purchase and consumption of any food items which are not part of a RMA or halal diet." The Plaintiff contends that this strict interpretation of a Religious Meat Alternative Diet Program is a First Amendment Rights under RLUIPA, as well as his Due Rights. Prior to the implementation of the Religious Meat Alternative Diet Program, CDCR had a very clear Halal Diet program. This program was found to be in violation of the First Amendment Rights and RLUIPA violations because it either excluded non-Muslims, or forced non-Muslims to follow Islamic laws if they desired to follow a religious diet program. The Religious Meat Alternative Diet Program replaced the outdated Halal Diet in name, but clearly not in practice. CDCR should not obligate or outline a mandate regarding the practice my faith.

**4.     Injury.**

Plaintiff was forced to choose between his sincerely held belief, and his desire to participate in the Religious Meat Alternative Diet Program. And being removed from the program for purchasing items that were not halal is a violation of his First, RLUPIA, Sixth, and Fourteenth Amendment of the United States Constitution. It was not the 'least restrictive means' nor did it, 'further a governmental penological interest', unless that interest was monetarily motivated to reduce prison costs (which Plaintiff cannot prove). Rabbi David Orel chose to initiate the alleged violation without seeking to understand the history of the Plaintiffs religious dietary requirements per the Religious Meat Alternative Program. While Carl Siegler, Community Resource Manager, L. Cahayla, (former) Associate Warden of Program, and Rick M. Hill, Warden (Folsom State Prison) were the active Religious Review Committee members who all accepted and confirmed Rabbi David Orel's decision. These defendants denied the Plaintiff his equal protection rights.

4. a

# CLAIM III

1. State the constitutional or other federal civil right that was violated: _____

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: **Religious Diet**

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **See Page 5.a**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   **See Page 5.a**

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## CLAIM III

**Cont... from Original Form Pg. 5**

3.  **Supporting Facts.**

The Plaintiff's sincerely held belief of the Ifa/Orisha Religion has a practice within its system which amounts to sacrifice. Sacrifice takes on many forms in Ifa, one of which is both primary and fundamental to its daily practice. The giving of Adimu (see Exhibit C – AboutSanteria). Adimu is defined as a 'Type of ebbo or offering made to the Orichas, consisting or raw or cooked foods. Each Oricha has his or her favorite foods. Ebbo is defined as 'Sacrifice or offering made to an Oricha. Ebbo takes many forms, and is normally determined through a consult with the dilogun or epuele.' (Note: dilogun and epuele are systems of divination – manipulation of ritual tools such as cowry shells to commune with the Orisha/Oricha and/or ancestors).

The Plaintiff should not be forced to choose between participating in the Religious Meat Alternative Diet Program, or, adhering to the mandates of his sincerely held belief of giving offerings to his spirits (Orisha and Ancestors). Yet, by following the exact language of the diet program per CDCR, the Plaintiff was in violation. Such an imposed violation to the Plaintiff denies him of his First Amendment Rights under RLUIPA, as well as his Due Process Rights. However, in regards to the Plaintiff's sincerely held belief system, he was in complete compliance, eating the state RMAP meal in the dining hall, and purchasing the foods that his spirits required of him. CDCR should not obligate or outline a mandate regarding the practice my faith.

4.  **Injury.**

Defendants failed to provide the Plaintiff with the right to purchase the required and divinely requested foods for the Orisha and Ancestors, and to also remain on the Religious Meat Alternative Diet Program is a violation of his First, RLUIPA, Sixth, and Fourteenth Amendments of the United States Constitution. Rabbi David Orel, Carl Siegler, Community Resource Manager, L. Cahayla, (former) Associate Warden of Program, and Rick M. Hill, Warden (Folsom State Prison) were the active Religious Review Committee members. All of whom failed to consider and reconcile the Plaintiffs sincerely held beliefs and practices of his faith of Ifa. The two are not to be separate.

5. a

## E. REQUEST FOR RELIEF

State the relief you are seeking:

The court shall make a finding of the violation of the First, Sixth, and Fourteenth Amendments, as well as RLUIPA violations. The Plaintiff is seeking the removal of the 128-B informative chrono from his C-File which states he violated the terms of his religious diet program; and the removal of all terms and conditions from the back of the CDCR-3030 application form which restrict inmates from freely exercising their religious practice. Plaintiff also asking for damage in the amount of $250,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __August 23, 2021__
DATE

SIGNATURE OF PLAINTIFF
Leland Ervin Haynes, #T72962

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.