UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND HAYNES, | No. 2:19-cv-1988 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| DAVIE OREL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 24, 2021, the magistrate judge issued findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 13. After screening plaintiff's first amended complaint as required by 28 U.S.C. § 1915A, the magistrate judge found plaintiff has failed to state a claim upon which relief may be granted and has recommended dismissal of the first amended complaint without leave to amend. *Id*. Plaintiff has not filed objections to the findings and recommendations.

The court thus presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law still are reviewed

de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

As summarized in the findings and recommendations:

> Plaintiff alleges that his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) were violated by a 2018 dispute regarding his compliance with the requirements of Folsom State Prison's religious diet program. The complaint presents three claims, all involving alleged interference with plaintiff's religious practice, against the following defendants: David Orel, Folsom prison chaplain; Karl Seigler, Community Resource Manager; L. Cahayla, former Program Associate Warden; and Rick Hill, Warden. All three claims are based on alleged violation of plaintiff's right to a religious diet. ECF No. 11 at 3, 6, 8. All three claims arise from the same events, but each emphasizes a somewhat different dimension of the dispute.
>
> The FAC alleges in sum as follows. Plaintiff, an adherent of the Ifa religion,[1] was a participant in Folsom's Religious Alternative Meat Program (RAMP) from 2010 to 2018. ECF No. 11 at 4. Participants are required to limit their purchase and consumption of food items to those that are part of their approved religious diet. *Id.* Plaintiff twice purchased ramen soups from the canteen; ramen soups are not approved for RAMP participants because they are not halal (complaint with Islamic dietary law). Pursuant to the institution's religious diet policy, plaintiff was issued a written warning of program non-compliance after the first purchase, and he was removed from the program after the second purchase. *Id.* at 4-5. Plaintiff purchased the ramen for the purpose of making offerings to the spirits recognized by his religion, not for his personal consumption. *Id.* at 9.
>
> Liberally construing the allegations, plaintiff contends that the policy conditioning his participation in the religious diet program on forgoing certain canteen purchases violates his rights because it forces him to choose between the independent Ifa religious obligations of diet and sacrifice (making offerings). *See id.* at 4 (Claim One); *id.* at 9 (Claim Three). Claim Two alleges that the policy as applied to him is unconstitutional because it prohibits certain purchases based on the items' designation as halal, even though he is Ifa and not Muslim. *Id.* at 7 ("Plaintiff was compelled to conform to Islamic dietary law and standards, which is contrary to 'his' religious diet.").

ECF No. 13 at 3-4.

/////

---

[1] Ifa is a spiritual belief system of the Yoruba people of Nigeria. ECF No. 1 at 20.

2

1	The magistrate judge found (1) "plaintiff's allegations do not rise to the level of a
2	substantial burden on his religious practice," (2) the limitation prohibiting plaintiff from
3	purchasing ramen was "reasonable" and (3) that limitation "cannot reasonably be construed as
4	having any coercive effect on plaintiff's religious practices." *Id*. at 5.  The magistrate judge also
5	concluded "plaintiff's allegations fail to establish that the limitation on his canteen purchases
6	lacked penological justification." *Id*. at 6.  Finding that the first amended complaint "clearly sets
7	forth plaintiff's claims, clarifies their factual and legal bases, and appears to include all facts
8	relevant to the dispute," the magistrate judge found that plaintiff has failed to "state a claim for
9	relief as a matter of law" and that "further amendment would be futile." *Id*. at 7.  The magistrate
10	judge therefore recommends dismissing the first amended complaint under 28 U.S.C. § 1915A(a)
11	without leave to amend.  *Id*. at 7.

12	The court declines to adopt these findings and recommendations as they rest on an
13	incorrect conception of the applicable pleading standard.  Specifically, the findings and
14	recommendations provide:

> To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

20	*Id*. at 4.  This articulation incorrectly imports burdens of production and proof into the elements
21	of the plaintiff's claims and the pleading standard that applies to screening under § 1915A.
22	To state a claim under the Free Exercise Clause, a plaintiff need allege only that an action
23	by prison officials "substantially burdens the person's practice of her religion." *Jones v.*
24	*Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).  If a plaintiff satisfies this standard, the burden
25	ultimately shifts to the state to show "'the challenged action is reasonably related to legitimate
26	penological interests.'" *Al Saud v. Days*, ___ F.4th ___, 2022 WL 2062317, slip op. at 6 (9th Cir.
27	2022) (quoting *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015)).  The elements of a
28	RLUIPA claim are similar:  to state a cognizable claim under RLUIPA, plaintiff must allege "that

3

(1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise." *Id.* at 2. The burden is on the state to show "its actions were the least restrictive means of furthering [a] compelling governmental interest." *Id.* (quoting 42 U.S.C. § 2000cc-1(a)).

Here, the magistrate judge's recommendation is based on a finding that "plaintiff's allegations fail to establish that the limitation on his canteen purchases lacked penological justification" and that the restrictions imposed on participation in Folsom's RAMP "are, on their face, reasonably related to legitimate penological interests. . . ." *Id*. at 6. This analysis prematurely places on plaintiff the burden of pleading facts to rebut the showing required of the state.

The magistrate judge also found that plaintiff has not adequately alleged that prison officials' actions placed a "substantial burden" on the exercise of his religious faith. *Id*. at 4. "'A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Jones,* 791 F.3d at 1031-32 (internal citations omitted). The magistrate judge found plaintiff has not adequately pleaded that the exercise of his religious faith was substantially burdened by the enforcement of the limitation on canteen purchases imposed as a condition of his participation in RAMP. Here again the magistrate judge relies in substantial part on an analysis of the reasonableness of the policy and its relationship to legitimate penological interests. *See* ECF No. 13 at 5-6. This is not part of the showing plaintiff must make at the pleading stage. Moreover, this court disagrees that plaintiff has not alleged the prison substantially burdened plaintiff's exercise of his religious faith. Plaintiff alleges enforcement of the limitation on canteen purchases required him to either forego his religious diet for making a canteen purchase of items proscribed by a religion other than his own, or to forego making a spiritual offering. These

/////

/////

/////

allegations are sufficient to plead a claim and ultimately to shift the burden to the State to justify the challenged actions and restrictions.[2]

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued September 24, 2021 (ECF No. 13), are NOT ADOPTED; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: September 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Moreover, contrary to the finding suggested by footnote 2 of the findings and recommendations, this court does not focus on whether the spiritual offering is a "central tenet" of plaintiff's religious and must consider only whether plaintiff has alleged facts suggesting his belief is sincerely held. *See Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008).